IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

KEITH WESLEY EDWARDS,                    )
                                         )
                    Plaintiff,           )
                                         )
v.                                       )          Case No. CIV-26-00560-JD
                                         )
OKLAHOMA,                                )
                                         )
                    Defendant.           )

**ORDER**

Before the Court is United States Magistrate Judge Shon T. Erwin's Report and

Recommendation ("R. & R.") [Doc. No. 7] issued on April 27, 2026.

Judge Erwin recommends that the Court dismiss Plaintiff's action without

prejudice for Plaintiff's failure to comply with his order. [Doc. No. 7 at 3]. Judge Erwin

advised Plaintiff of his right to file an objection to the R. & R. with the Clerk of Court by

May 14, 2026, and explained that failure to timely object waives the right to appellate

review of both factual and legal issues contained in the R. & R. [*Id.* (citing 28 U.S.C.

§ 636, Fed. R. Civ. P. 72, and *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir.

2010))].

"[A] party's objections to the magistrate judge's report and recommendation must

be both timely and specific to preserve an issue for de novo review by the district court or

for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir.

1996). By not objecting to a magistrate judge's report and recommendation, a party

waives his right to challenge the legal and factual basis for the magistrate judge's

decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions."). The following two exceptions to the waiver rule exist: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting *Moore*, 950 F.2d at 659). The Tenth Circuit has considered various factors to determine whether the interests of justice require review, which include "a *pro se* litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Id.* at 1120.

Plaintiff did not file a timely objection to the R. & R. by the deadline of May 14, 2026, and therefore waived his right to challenge the recommended disposition. "The waiver rule as a procedural bar need not be applied when the interests of justice so dictate." *Moore*, 950 F.2d at 659. However, considering the factors, the interests of justice do not warrant an exception to the waiver rule in this case. *See Morales-Fernandez*, 418 F.3d at 1120. The Court thus adopts the R. & R.

Even if the Court were to consider Plaintiff's untimely objection, [*see* Doc. No. 8],[1] Plaintiff points to no factual or legal errors in the R. & R. An objection must be both timely and specific "to preserve an issue for de novo review by the district court or for appellate review." *2121 E. 30th St.*, 73 F.3d at 1060.

Finally, and alternatively, even under a de novo review of the record and applicable law, the Court agrees with the reasoning of the R. & R. due to Plaintiff's failure to comply with the Court's order. [*See* Doc. No. 7 at 1–3]. Judge Erwin's order [Doc. No. 4] and the R. & R. [Doc. No. 7] were issued pursuant to Judge Erwin's referral from the undersigned judge under the authority in 28 U.S.C. § 636(b)(1)(B) and (C). [*See* Doc. No. 3]. Plaintiff never complied with the order of March 30, 2026, requiring that Plaintiff file a proper complaint, using the Court's approved form, and requiring that Plaintiff pay the filing fee or file a motion for leave to proceed in forma pauperis conforming to the statutory requirements. [*See* Doc. No. 4]. Moreover, the order warned Plaintiff that failure to comply with the order may result in the dismissal of the action without prejudice. [*Id.* at 2, 3]. It is well-settled that federal courts may dismiss actions for a party's failure to comply with court orders. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (discussing the inherent power of a court to dismiss actions for lack of prosecution); *Olsen v. Mapes*, 333 F.3d 1199, 1204 & n.3 (10th Cir. 2003) (even without a motion, a district court may *sua sponte* dismiss an action "if the plaintiff fails to

---

[1] Plaintiff's objection was filed on June 5, 2026, after the deadline of May 14, 2026. Plaintiff indicates the objection is dated for May 29, 2026, and it is postmarked June 2, 2026. [*See* Doc. No. 8 at 3; Doc. No. 8-1].

comply with [the Federal Rules of Civil Procedure] or any order of court"); *see also* Fed. R. Civ. P. 41(b).[2]

Accordingly, the Court **ACCEPTS** the Report and Recommendation [Doc. No. 7] and **DISMISSES** Plaintiff's action without prejudice. A separate judgment will follow.

IT IS SO ORDERED this 8th day of June 2026.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[2] Before dismissing a case *with prejudice*, "a court should ordinarily consider a number of factors," including whether the party was warned, the amount of interference with the judicial process, and the relative degrees of culpability and prejudice. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted). Here, the Court need not analyze any *Ehrenhaus* factors because the dismissal is without prejudice. *See Arocho v. United States*, 502 F. App'x 730, 732 (10th Cir. 2012) (unpublished) ("When the dismissal is without prejudice, however, consideration of the *Ehrenhaus* factors is not required.") (citing *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *Nasious v. Two Unknown B.I.C.E. Agents, Arapahoe Cnty. Justice*, 492 F.3d 1158, 1162 (10th Cir. 2007)).